IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK T. RAY, III, : | |
|               Plaintiff : | |
| : | No. 20-CV-1697 |
| v. : | |
| : | (Judge Mannion) |
| PAMELA MCDONALD, LOUISE : | |
| CICERCHIA, MR. KILHEENEY, : | |
| KELLY MCANDREWS, CAPTAIN : | Electronically Filed Document |
| BROZOWSKI, DEPUTY MILLER, : | |
| CAPTAIN LUKASHENSKI, : | |
| MICHAEL GOYNE, MAJOR JASON : | |
| BOHINSKI, DEPUTY CRONAUER, : | |
| MARY JO MATHER, KEVIN : | |
| RANSOM *and* JOHN/JANE DOES, : | |
|               Defendants : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR FAILURE TO PROSECUTE

Defendants, through counsel, hereby file this Brief in Support of their Motion for Failure to Prosecute, pursuant to Local Rule 7.5. This Court should dismiss Plaintiff's Complaint due to Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## RELEVANT FACTS & PROCEDURAL HISTORY

Plaintiff filed his Complaint, pursuant to 42 U.S.C. § 1983, on August 20, 2020. (Doc. 1-2.) Defendants removed this case to this Court on September 18, 2020. (Doc. 1.) At that time, Plaintiff was a *pro se* inmate in the custody of the Pennsylvania Department of Corrections housed at SCI Dallas. (Doc. 1-2.)

The Clerk of Court informed that "[he has] the affirmative obligation to keep the court informed of his or her current address. If the plaintiff[] changes his or her address while the lawsuit is being litigated, the plaintiff[] shall immediately inform the court of the change, in writing." (Doc. 2.)  Plaintiff previously filed a Notice of Change of Address. (Doc. 13.)  Plaintiff has not filed any documents in the above-captioned matter since April 6, 2022. (*See* Doc. 38.)

Undersigned counsel was informed that Plaintiff completed his sentence and was released from DOC custody on April 20, 2022.  A search for Plaintiff's first and last name or inmate number on the DOC's "Inmate Locator" webpage does not return any results. *See* http://inmatelocator.cor.pa.gov/#/ ("Frederick Ray" or "MP1518", accessed February 9, 2023).

After investigation, Plaintiff's address was confirmed to be at Good Samaritan Services, 135 High Street, Phoenixville, PA 19460. (Ex. 1.)[1] Undersigned counsel sent correspondence to Plaintiff on November 2, 2022, at the aforementioned address to schedule his deposition for this matter. (Ex. 2.)  This letter was not returned to sender as undeliverable.

---

[1] Defendants' exhibits cited herein are attached to their Motion for Failure to Prosecute. In the interests of judicial economy, Defendants' do not re-file those items herein.

Undersigned counsel sent correspondence to Plaintiff on November 29, 2022, at the aforementioned address to schedule his deposition for this matter. (Ex. 3.) This letter was not returned to sender as undeliverable.

On December 22, 2022, undersigned counsel sent a Notice of Deposition to Plaintiff noticing his deposition to be held over Zoom, a video conferencing service, on December 30, 2022, both to the above notated address as well as to the address provided by Plaintiff to the Court. (Ex. 4.) This Notice of Deposition sent to the above referenced address was not returned to sender as undeliverable. This Notice of Deposition sent to the address provided by Plaintiff to the Court was returned to sender as undeliverable. (Ex. 5)

Plaintiff contacted undersigned counsel via telephone on December 29, 2022, indicating that he would not be attending the previously noticed December 30, 2022 deposition. (Ex. 6.) In response, undersigned counsel sent Plaintiff a letter on December 29, 2022, requesting that he contact her to schedule a deposition. (*Id.*) This letter was not returned to sender as undeliverable.

To present date, Plaintiff has not contacted undersigned counsel. To present date, Plaintiff has not filed any item in the above-captioned litigation.

## **ISSUES PRESENTED**

Whether Plaintiff's Complaint should be dismissed because he has failed to prosecute his case?

*Suggested Answer:* Yes.

## **ARGUMENT**

Rule 41(b) of the Federal Rules of Civil Procedure permits a District Court to dismiss a Plaintiff's civil action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal constitutes a dismissal on the merits. *Id.* Courts balance the following factors when considering a request to dismiss a case pursuant to Rule 41(b):

    i. The extent of the party's personal responsibility;

    ii. The extent of prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    iii. A history of dilatoriness;

    iv. Whether the conduct of the party or the attorney was willful or in bad faith;

    v. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    vi. The meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Not all of the aforementioned factors need to be satisfied for the trial court to dismiss a

complaint. *Ware v. Rodale Press. Inc.,* 322 F.3d 218, 221 (3d Cir. 2003); *see also Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). As such, Defendants discuss only the relevant factors herein.

Clerk of Court informed that "[he has] the affirmative obligation to keep the court informed of his or her current address. If the plaintiff[] changes his or her address while the lawsuit is being litigated, the plaintiff[] shall immediately inform the court of the change, in writing." (Doc. 2.) Plaintiff previously filed a Notice of Change of Address. (Doc. 13.) Plaintiff has not filed any documents in the above-captioned matter since April 6, 2022. (*See* Doc. 38.)

Plaintiff is proceeding *pro se*; therefore, he is personally responsible for his failure to comply with the Federal and Local Rules and Court's order to notify the Court of any changes to his address. In fact, no one else can be responsible. Plaintiff's failure to respond to the undersigned counsel's several correspondences is clearly willful.

Even assuming, *arguendo*, that Plaintiff did not receive the undersigned's correspondences, he has failed to provide an updated address to the Court and undersigned counsel. This failure is, likewise, willful.

Plaintiff is well familiar with the requirement to notify the Court of a change in address. In accordance with the Clerk of Court's instruction, Plaintiff complied

5

by filing a Notice of Change of Address on November 2, 2020. and March 9, 2018. (*See* Doc. 13.)

Undersigned counsel was informed that Plaintiff completed his sentence and was released from DOC custody on April 20, 2020. A search for Plaintiff's first and last name or inmate number on the DOC's "Inmate Locator" webpage does not return any results for Plaintiff. *See* http://inmatelocator.cor.pa.gov/#/ ("Frederick Ray" or "MP1518", last accessed February 9, 2023). Mail to Plaintiff at his address he provided to the Court was returned as undeliverable on January 31, 2023. Plaintiff has not filed any documents in this action since April 26, 2022. *See Docket.* Plaintiff has not filed a Notice of Change of Address with the Court. Nor has Plaintiff contacted the undersigned as requested numerous times through numerous correspondences.

Plaintiff's failure to be deposed, to file a notice of change of address, or to otherwise communicate regarding the case causes prejudice to Defendants. Since Plaintiff cannot be contacted, Defendant is unable to depose Plaintiff. It is impossible for Defendants to identify relevant witnesses and exhibits that will be relied upon to defend this action without knowing what evidence Plaintiff has in his possession and without being able to depose him regarding his claims. Defendants submit that, because the events giving rise to this lawsuit occurred beginning in December 2019, further delay will prejudice his ability to defend himself due to "the

6

inevitable dimming of witnesses' memories." *Bull v. UPS*, 665 F.3d 68, 80 (3d Cir. 2012).

Defendants submit that dismissal of Plaintiff's case is the only sanction available under the circumstances. Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.,* 536 F.App'x 222, *4 (3d Cir. Aug. 29, 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). Since Plaintiff has demonstrated his willful lack of interest in proceeding further by failing to respond to undersigned counsel or to be deposed, and has failed to notify the Court or undersigned counsel of his new address, his case should be dismissed.

Therefore, the Court should dismiss the case with prejudice due to Plaintiff's failure to prosecute this action.

## **CONCLUSION**

Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice due to his failure to prosecute this action.

                                 **Respectfully submitted,**

                                 **MICHELLE A. HENRY**
                                 **Acting Attorney General**

                           **By:**  *s/ Mary Katherine Yarish*
                                 **MARY KATHERINE YARISH**
**Office of Attorney General**        **Deputy Attorney General**
**Civil Litigation Section**             **Attorney ID #328843**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**                **KAREN M. ROMANO**
**Phone: (717) 783-6315**             **Chief Deputy Attorney General**
                                                  **Civil Litigation Section**

**myarish@attorneygeneral.gov**

**Date:  February 9, 2023**            **Counsel for Defendants Ransom,**
                                                  **McDonald, Cierchia, Kilheeney,**
                                                  **McAndrew, Brozowski, Miller,**
                                                  **Cronauer, Goyne, Bohinski, and**
                                                  **Lukashewski**

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK T. RAY, III,** : | |
| Plaintiff : | |
| : | No. 20-CV-1697 |
| v. : | (Judge Mannion) |
| : | |
| **PAMELA MCDONALD, et al.,** : | Electronically Filed Document |
| : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 10, 2023, I caused to be served a true and correct copy of the foregoing document titled *Defendants' Motion to Dismiss for Failure to Prosecute* to the following:

**VIA U.S. MAIL:**
**Smart Communications/PADOC**

Frederick T. Ray, III
SCI-Phoenix
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

Frederick T. Ray
Good Samaritan Services
135 High Street
Phoenixvile, PA 19460
*Pro Se Plaintiff*


 *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General