UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK T. RAY, III, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-1697 |
| v. | : | (JUDGE MANNION) |
| PAMELA MCDONALD, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. BACKGROUND

Plaintiff, Frederick T. Ray, an inmate formerly confined at the Phoenix State Correctional Institution, Collegeville ("SCI-Phoenix"), Pennsylvania, originally filed the above caption civil rights action, pursuant to 42 U.S.C. §1983, in the Luzerne County Court of Common Pleas. (Doc. 1). By Notice of Removal dated September 18, 2020, the Defendants removed the above captioned action to the United States District Court for the Middle District of Pennsylvania. Id. The named Defendants are Mary Jo Mather, Executive Director of the Pennsylvania Certification Board, and the following SCI-Dallas employees ("DOC Defendants"): Superintendent Kevin Ransom, Pamela McDonald, Louise Cicerchia, Mr. Kilheeney, Kelly McAndrews, Captain Brozowski, Deputy Miller, Deputy Cronauer, Michael Goyne, Major Jason Bohinski, Captain Lukashenski and John/Jane Does. Id. Plaintiff

seeks compensatory and punitive damages for alleged First and Fourteenth Amendment violations. Id.

By Order dated March 30, 2022, Defendants Goyne, Lukashenski, Miller, Ransom and Mather were dismissed from the above captioned action and all of Plaintiff's claims, with the exception of his First Amendment Retaliation claim were dismissed. (Doc. 37). Remaining Defendants were directed to file an answer or other responsive pleading within twenty-one days of the Court's Order. Id.

On April 20, 2022, remaining Defendants filed an answer to the complaint. (Doc. 39).

On December 12, 2022, this Court issued a Scheduling Order, directing that discovery be concluded by January 9, 2023, and that dispositive motions be filed on or before February 9, 2023. (Doc. 40). On February 14, 2023, this Court's December 12, 2022 Scheduling Order was returned to this Court with the notations "Return to Sender," "Refused" and "Unable to Forward." (Doc. 46).

On February 9, 2023, remaining Defendants filed a motion to dismiss for lack of prosecution, indicating that their attempts to reach Plaintiff for discovery and deposition were returned to them as undeliverable. (Doc. 41).

By Order dated February 13, 2023, this Court directed Plaintiff to show cause on, or before, March 1, 2023, as to why the above captioned action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute. (Doc. 45). To date, no response to this Court's February 13, 2023 Order has been filed. A review of the inmate locator, http://inmatelocator.cor.pa.gov, indicates that Plaintiff was released on April 22, 2022.

Thus, for the reasons that follow, the Court grants Defendants' motion to dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. Discussion

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. *Id*. Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that

- 3 -

"[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

Plaintiff's last communication with this Court was an April 1, 2022 letter to Court requesting a copy of this Court's March 30, 2022 Memorandum and Order. (Doc. 38). A search of the computerized Inmate Locator revealed that Mr. Ray is not in state custody. See http://inmatelocator.cor.pa.gov. Plaintiff's

failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendants' motion to dismiss the above captioned action with prejudice for Plaintiff's failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate order shall issue.

*[signature]*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 2, 2023**
20-1697-02